IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| ROBERT THOMAS, #600234 | § | |
|---|---|---|
| | § | |
| v. | § | CIVIL ACTION NO. G-05-552 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Robert Thomas, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 56th District Court of Galveston County, Texas on July 18, 1991. Petitioner was convicted of the burglary of a building and sentenced to 20 years imprisonment. However, Petitioner seeks habeas relief on his parole revocation on July 20, 2001.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners who desire to file a habeas writ in federal court to do so within one year of the date on which the factual predicate of their claim was known or should have been known. 28 U.S.C. § 2244(d)(1)(D). Petitioner alleges that on July 20, 2001, he was denied 60 days credit for time he had already served in the Harris County jail. Since the factual basis of his claim was known on that date, the AEDPA's limitations period began running at that point and expired one year later on July 20, 2002. Although the statutory period is tolled while a properly-filed state writ is pending, 28 U.S.C. § 2244(d)(2), Petitioner acknowledges that he did not file a state habeas writ in this case until September 9, 2004,

and it was ruled on by the Court of Criminal Appeals on September 28, 2005. Statutory tolling therefore does not apply, and Petitioner's claim is barred by the AEDPA's one-year statute of limitations.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Robert Thomas (Instrument No. 1) be **SUMMARILY DISMISSED** as time-barred.

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner **SHALL** have until **November 8, 2005,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.</u> **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____19th_____ day of October, 2005.

_____
John R. Froeschner
United States Magistrate Judge